O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CESARIO GARCIA HERNANDEZ, | ) | Case No. EDCV 13-12-OP |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

The Court[2] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[3]

---

[1] Carolyn W. Colvin, the current Acting Commissioner of Social Security, is hereby substituted as the Defendant herein. See Fed. R. Civ. P. 25(d)(1).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See ECF Nos. 8, 9.)

[3] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment

(continued...)

1

## I.
## **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

(1) Whether the Administrative Law Judge ("ALJ") properly considered the relevant medical evidence;

(2) Whether the ALJ properly assessed Plaintiff's credibility; and

(3) Whether the ALJ properly considered lay witness evidence.

(JS at 4, 9.)

## II.
## **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.

---

[3](...continued)
under the standards set forth in 42 U.S.C. § 405(g).

# DISCUSSION

**A.  The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of history of multiple strokes, hypertension, diabetes, early bilateral cataracts, and pre-proliferative diabetic retinopathy bilaterally. (Administrative Record ("AR") at 17.) The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform medium work with the following limitations: no hazardous machinery, heights, or driving; limited English; and no very fine vision. (Id. at 18.) Relying on the testimony of a vocational expert, the ALJ concluded that Plaintiff was not capable of performing his past relevant work but could perform alternative work as a hand packager, laundry sorter, and cleaner. (Id. at 21-22.)

**B.  The ALJ's Consideration of the Medical Evidence.**

Plaintiff argues that the ALJ failed to properly consider the relevant medical evidence of record. Specifically, Plaintiff alleges that the ALJ failed to consider "Plaintiff's visual acuity and visual diagnosis as 'homonymous hemianopsia of the right eye.'" (JS at 4-7.)

The ALJ is responsible for considering the medical evidence of record in making a determination of disability. 20 C.F.R. §§ 404.1512(d), (e), 404.1527, 404.1545(a)(3). However, the ALJ is not required to "discuss every piece of evidence" so long as the decision was supported by substantial evidence. Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003). Rather, the ALJ need only explain why "significant probative evidence has been rejected." Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (citation omitted) (internal quotation marks omitted). This is exactly what the ALJ did here. While not discussing every last page of medical evidence included in the record, the ALJ discussed the material portions of the record and explained why certain evidence had been accepted or rejected. Notably, the ALJ specifically discussed findings from Plaintiff's ophthalmology examinations and concluded that Plaintiff could not

perform work requiring very fine vision. (AR at 18, 20-21.)

However, because this matter must be remanded to the ALJ for further consideration of Plaintiff's subjective complaints of impairment, as discussed below, on remand the ALJ is directed to reconsider the medical evidence, particularly as it interrelates to Plaintiff's subjective complaints.

**C.** **The ALJ Failed to Properly Consider Plaintiff's Credibility.**

Plaintiff contends that the ALJ improperly rejected his subjective complaints of impairment. (JS at 9-14.) The Court agrees.

In his decision, the ALJ rejected Plaintiff's credibility as follows:

> The undersigned finds the claimant's allegations concerning the intensity, persistence and limiting effects of his symptoms are less than fully credible. The allegations of severe vision problems, weakness, and fatigue are inconsistent with the objective medical evidence, which indicates an attempt by the claimant to exaggerate the severity of his symptoms. The claimant has described a rather normal level of everyday activities despite his alleged limitations. The claimant admitted he was able to drive. He acknowledged he did his own grocery shopping and cleaning. The physical and mental capabilities requisite to performing many of the tasks described above replicate those necessary for obtaining and maintaining employment.
>
> The claimant admitted he received unemployment compensation during the relevant period at issue. The claimant testified he received unemployment benefits in 2010. This required the claimant to certify he was willing and able to engage in work activity, which is inconsistent with a claim for disability.

(AR at 19.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v.

4

Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Once a claimant has presented medical evidence of an underlying impairment which could reasonably be expected to cause the symptoms alleged, the ALJ may only discredit the claimant's testimony regarding subjective pain by providing specific, clear, and convincing reasons for doing so.  Lingenfelter v. Astrue, 504 F.3d 1028, 1035–36 (9th Cir. 2007).  An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony.  Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991).

To determine whether a claimant's testimony regarding the severity of his symptoms is credible, the ALJ may consider, *inter alia*, the following evidence: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also Smolen, 80 F.3d at 1284.

Here, the ALJ explained that Plaintiff's complaints of severe vision problems, weakness, and fatigue were not supported by objective medical evidence and, thus, must be exaggerated.  An ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully

corroborate the alleged severity of [symptoms]." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991).  As explained below, the other reasons proffered by the ALJ for rejected Plaintiff's credibility were not clear and convincing.  Accordingly, the lack of objective medical evidence cannot, by itself, support the ALJ's rejection of Plaintiff's credibility.  Moreover, to the extent the ALJ's opinion implies that the medical evidence includes a suggestion that Plaintiff is exaggerating his symptoms, this implication is not supported by the record.  Nowhere in the record is there an indication that Plaintiff had exaggerated his symptoms or was otherwise malingering.

Next, the ALJ rejected Plaintiff's credibility because his reported activities of daily living were inconsistent with his alleged disability.  Daily activities may be grounds for an adverse credibility finding "if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); see also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (adverse credibility finding based on daily activities may be proper "if a claimant engaged in numerous daily activities involving skills that could be transferred to the workplace").  However, the Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from h[is] credibility as to h[is] overall disability." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001).  After all, "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

The limited activity contemplated in Vertigan is just the type of activity reported by Plaintiff.  Moreover, Plaintiff explained that his ability to perform even these benign daily activities is limited.  Plaintiff explained that he drives very little and does not drive at night.  (AR at 36, 153.)  He also stated that he goes grocery

shopping just once a week. (Id. at 153.) In addition, despite the ALJ's assertion that Plaintiff can do the "cleaning," Plaintiff claimed only that he can sweep. (Id. at 153.) Plaintiff also admitted attempts to mow his lawn but claimed that the exertion causes him fatigue and pain in his head. (Id. at 35, 153.) Ultimately, Plaintiff explained that he only engages in daily activities for short periods of time and that he requires two-hour nap periods during the day. (Id. at 154, 162.)

      Plaintiff's limited and sporadic daily activities are not inconsistent with Plaintiff's subjective complaints of impairment, and the ALJ's generic assertion that Plaintiff's ability to perform these activities replicates the capabilities "necessary for obtaining and maintaining employment," (id. at 19), does not prove otherwise. Compare Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) (ALJ errs in failing to make a finding to the effect that ability to perform daily activities translated into the ability to perform appropriate work). Thus, Plaintiff's daily activities do not provide a clear and convincing reason for rejecting Plaintiff's credibility.

      Finally, the ALJ discounts Plaintiff's credibility based on the fact that Plaintiff received unemployment benefits, which required Plaintiff to certify that he was willing and able to work. However, the record indicates that Plaintiff was receiving unemployment benefits before the alleged onset date of April 24, 2010. (AR at 33, 115.) Plaintiff explained that he stopped working in late 2009 and was receiving unemployment benefits through the beginning of 2010 because the orange harvesting season ended and he was awaiting the start of a new season. (Id. at 33, 41-42.) Thus it appears that any certification Plaintiff made regarding his ability to work in connection with an unemployment claim would have been made prior to the alleged onset date in April 2010. The ALJ has not shown any evidence that Plaintiff certified that he was able to work following the alleged onset date. Accordingly, this is not a clear and convincing reason for rejecting Plaintiff's credibility.

Because the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's credibility, this action must be remanded so that the ALJ can properly consider Plaintiff's subjective complaints of impairment.

**D.    The ALJ Properly Considered the Lay Witness Testimony.**

Plaintiff claims that the ALJ failed to properly consider the testimony of Plaintiff's friend, Jose Guzman. (JS at 9, 14-15.) The Court does not agree.

Mr. Guzman testified that Plaintiff is very slow and that his vision is impaired. (AR at 40-41.) The ALJ rejected Mr. Guzman's testimony, finding:

> The undersigned finds the claimant's friend's allegations concerning the intensity, persistence and limiting effects of the claimant's symptoms are less than fully credible. The claimant's friend is not a medical professional. While a layperson can offer an opinion on a diagnosis, the severity of the claimant's symptoms, or the side effects of medications in relationship to the claimant's ability to work, the opinion of a layperson is far less persuasive on those same issues than are the opinions of medical professionals as relied on herein. In addition, the opinion of the claimant's friend is not an unbiased one because he has an emotional interest in seeing the claimant receive benefits. Most importantly, his statements are not supported by the clinical or diagnostic medical evidence that is discussed more thoroughly below. The undersigned finds the statements of the claimant's friend are not credible to the extent his statements are inconsistent with the above residual functional capacity assessment

(Id. at 19.)

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that, in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [his] ability to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by friends

and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." 20 C.F.R. §§ 404.1513(d), 416.913(d); Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). If the ALJ chooses to reject such evidence from "other sources," he may not do so without comment. Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ must provide "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ acknowledged Mr. Guzman's testimony and rejected it on the basis of reasons that were germane to the witness. The Court does not consider the persuasiveness of the ALJ's reasons for rejecting Mr. Guzman's testimony. Thus, the ALJ fulfilled his duty to consider the evidence and provide sufficient reasons for rejecting the third party evidence.

## IV.

## **ORDER**

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.

Dated: September 30, 2013

HONORABLE OSWALD PARADA
United States Magistrate Judge